384 So.2d 779 (1980)
STATE of Louisiana
v.
Leroy WILLIAMS.
No. 66312.
Supreme Court of Louisiana.
May 19, 1980.
Alfred B. Shapiro, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., Herman L. Lawson, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.[*]
On December 1, 1978 defendant Leroy Williams was charged by bill of information with the crime of distribution of marijuana, in violation of La.R.S. 40:966(A). On March 12, 1979, defendant appeared in court with employed counsel and entered a plea of guilty as charged. He was sentenced to 6 *780 years imprisonment at hard labor and a fine of $7500. Williams appeals on the basis of three assignments of error. We find merit in his contention that his plea of guilty must be set aside because the judge did not affirmatively and independently establish that Williams made a knowing and voluntary waiver of his constitutional rights. We reverse the conviction and sentence and remand the case to the lower court.
In the case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the United States Supreme Court recognized that the entering of a guilty plea "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Id. at 243-44, 89 S.Ct. at 1712. This court, relying on Boykin, has held that a constitutionally valid guilty plea requires an express and knowing waiver of the accused's right to a jury trial, his right to confront accusers, and his privilege against compulsory self-incrimination. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
In this case, after defense counsel informed the court of defendant's intention to enter a plea of guilty, the court questioned the defendant as follows:
"THE COURT: Is this what you want to do?
THE DEFENDANT: Yes, sir.
THE COURT: Has he discussed the rights you have to go to trial and the rights you would have during the course of the trial?
THE DEFENDANT: Yes, sir.
THE COURT: You understand those?
THE DEFENDANT: Yes, sir.
THE COURT: This is voluntary on your part?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand the nature of the charge?
THE DEFENDANT: Yes sir.
THE COURT: Has he acquainted you with possible penalties?
THE DEFENDANT: Yes sir.
THE COURT: Including the maximum penalty?
THE DEFENDANT: Yes, sir.
THE COURT: And no one has promised you anything to do this?
THE DEFENDANT: No, sir.
THE COURT: No one has promised you any particular sentence?
THE DEFENDANT: No, sir.
THE COURT: The Court finds that the defendant, present with his counsel, has knowingly and intelligently entered a plea of guilty without any force or coercion being involved; that he understands the nature of the charge; that there is a factual basis for the plea; that his counsel has explained the rights he surrenders by entering a plea of guilty, and for all those reasons the Court accepts the plea of guilty to the charge of attempted
DISTRICT ATTORNEY: No, sir, excuse me. It is of distribution of marijuana.
THE COURT: All right."
This record shows that the trial judge primarily relied on the assumption that the defense counsel adequately informed defendant of the rights he waived by entering his guilty plea. Defendant contends that the trial court may not rely on such an assumption but must make an independent determination of defendant's valid waiver of his rights. We agree with the defense argument and reverse defendant's conviction and sentence.
The resolution of the issue here rests on our interpretation of the requirements for a valid guilty plea handed down by the United States Supreme Court in Boykin v. Alabama, supra. The Court held that due process requires an affirmative showing that a defendant who pleads guilty to a criminal charge has been apprised of his constitutional rights and has knowingly and voluntarily waived those rights. Such waiver, according to Boykin, cannot be presumed and reversible error is presented when "`the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty.'" Boykin, supra, 395 U.S. at 244, 89 S.Ct. at 1713. Therefore, a record should be left which is "adequate for any review that may be later sought [citations omitted] and forestalls the spin-off of collateral proceedings that seek *781 to probe murky memories." Id. The only realistic means of assuring that the trial judge leaves a record adequate for any later review is to require that the record contain on its face direct evidence that the accused was made aware by the trial judge of his right to jury trial, his right to confront accusers, and his privilege against compulsory self-incrimination. See In re Tahl, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 (1969). To allow any more indirect showing would be to satisfy Boykin's requirement of an affirmative showing of defendant's waiver of his constitutional rights by means of "murky memories"exactly what Boykin indicates is insufficient.
Moreover, in State v. Holden, 375 So.2d 1372 (La.1979) we stated that the effect of Boykin was to constitutionalize the requirements of Federal Rule of Criminal Procedure 11 as set forth in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).[1]McCarthy held that the mandate of Rule 11 could not be complied with unless the district judge personally inquired of defendant whether he understandingly and voluntarily entered a guilty plea thereby waiving his constitutional rights. McCarthy also held that when such a violation occurs the defendant's guilty plea must be set aside and the case remanded for another hearing.
In cases where a prior conviction based on a guilty plea is being used to enhance the penalty under our multiple offender laws, we have required a strong showing of a knowing and voluntary waiver of rights by the defendant when his guilty plea is accepted by the trial judge. In such instances, we require that the state produce a contemporaneous record of defendant's guilty plea colloquy with the trial judge which affirmatively shows the waiver of his right to jury trial, his right to confront accusers, and his privilege against compulsory self-incrimination. State v. Martin, 379 So.2d 1092 (La.1980). If the record shows a substantial defect in this regard the guilty plea based conviction cannot be used to enhance defendant's conviction.[2]State v. Lewis, 367 So.2d 1155 (La.1979).
We have also recognized the need for the contemporaneous recording of defendant's guilty plea showing a knowing and voluntary waiver of his rights in prosecutions for crimes such as possession of a concealed weapon by a person previously convicted of certain enumerated felonies, La.R.S. 14:95. 1, where a previous felony conviction is an essential element of the crime charged. In instances when the prior conviction is based on a guilty plea we have held that the waiver by defendant of his rights, including the three mentioned above, must be shown to have been made knowingly and voluntarily through a contemporaneously recorded transcript of the colloquy between the defendant and the judge regarding the waiver of these rights. State v. Martin, 382 So.2d 933 (La.1980); State v. Bolton, 379 So.2d 722 (La.1980).
Accordingly, logic and due process require that the same rule apply in a case in which the defendant directly attacks the validity of his conviction. In enhancement of penalty cases the validity of a prior guilty plea governs the severity of the penalty imposed, whereas in cases presenting a direct attack upon a conviction, the validity of the plea determines whether there will be any penalty imposed. Fairness and due process demand that a defendant be strenuously protected from an unknowing or involuntary guilty plea regardless of how his complaint is raised.
The colloquy found in the record between the trial judge and defendant Williams is not sufficient to affirmatively establish the defendant's knowing and voluntary waiver of his constitutional rights. The trial judge relied ultimately on Williams' assertion that he understood the defense attorney's out of court explanation of the plea and its consequences. The trial judge did not make an *782 independent determination that the defendant understood what the plea connotes and its consequences. The record does not disclose that the defendant knowingly and voluntarily waived his constitutional rights, including his right to trial by jury, his right to confront accusers, and his privilege against compulsory self-incrimination. Therefore, the due process requirements of Boykin require that the guilty plea be vacated, the conviction and sentence reversed, and the matter remanded to the district court.
REVERSED AND REMANDED.
BLANCHE, J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
In my view, the colloquy at the time the guilty plea was entered by defendant with retained counsel satisfies the Boykin requirement that the accused had a "full understanding of what the plea connotes and of its consequences." I consider that the record shows that defendant "voluntarily and understandingly entered his plea of guilty." Accordingly, I respectfully dissent.
NOTES
[*] The Honorable Frederick Stephen Ellis participated in this decision as an Associate Justice pro tempore.
[1] See contra State v. Nelson, 379 So.2d 1072, 1075 (La.1980) (concurring opinion).

See United States v. Timmerick, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) which provides that conformation with the technical or formal requisites of Rule 11, such as informing defendant of the mandatory special parole term, is not constitutionally required.
[2] State v. Holden, supra, limits this to post-1971 convictions.