390 So.2d 525 (1980)
STATE of Louisiana
v.
Tyronne DUNN.
No. 80-K-1894.
Supreme Court of Louisiana.
November 10, 1980.
Lawrence M. Lehmann, Miriam G. Waltzer, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Sheila Myers, Linda Bizzaro, Asst. Dist. Attys., for defendants-respondents.
MARCUS, Justice.
While on probation for another offense, defendant was arrested and charged by bill of information with attempted theft of property of a value of less than one hundred dollars in violation of La. R.S. 14:67; 14:27 (a misdemeanor).[1] On November 29, 1979, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged and was sentenced to serve sixty days in the parish jail with credit for time served. He served this sentence. Thereafter (June 18, 1980), defendant filed a motion to set aside the guilty plea entered on November 29, 1979, on the grounds of ineffective assistance of counsel and that defendant was not advised that the entry of the *526 guilty plea may have resulted in the revocation of his probation. After a hearing, the motions were denied by the trial court.[2]
In defendant's application to this court, it was asserted that the trial court erred in denying his motion to set aside the guilty plea "even though said plea was made without advising relator that he was thereby waiving his privilege against compulsory self-incrimination." We granted the application to consider whether the requirements of Boykin v. Alabama, 395 U.S. 238 (1969), of an affirmative showing in the record at the time of a guilty plea by an accused of an express and knowing waiver of his constitutional privilege against self-incrimination, right to trial by jury, and right to confront his accusers applies in the case of a misdemeanor.
Upon review of the record, we consider that we improvidently granted the writ in this case for the following reasons.[3]
At arraignment on November 13, 1979, defendant, accompanied by his attorney, entered a plea of not guilty. On November 29, 1979, defendant, again accompanied by his attorney, advised the court that he desired to withdraw his former plea of not guilty and to enter a plea of guilty. Thereafter, the following colloquy took place between the court and defendant:
BY THE COURT:
Mr. Dunn, your attorney, Mrs. Kogos, has presented to me a plea of guilty form. Has she explained the provisions in this plea of guilty form to you?
BY MR. DUNN:
Yes, Your Honor.
BY THE COURT:
Do you have any questions about this?
BY MR. DUNN:
No, Your Honor.
BY THE COURT:
Do you understand that by pleading guilty you are waiving your right to trial and waiving your right to subpoena witnesses to testify in your behalf?
BY MR. DUNN:
Yes.
BY THE COURT:
And also your right to cross examine any people that the State of Louisiana may put on?
BY MR. DUNN:
Yes, I do, Your Honor.
BY THE COURT:
And you are doing this of your own free will?
BY MR. DUNN:
Yes, I am.
BY THE COURT:
You are satisfied with the services of your attorney?
BY MR. DUNN:
Yes, I am.
BY THE COURT:
You are pleading guilty because you are, in fact, guilty?
BY MR. DUNN:
Yes, I am.
BY THE COURT:
These are your initials and signatures on the paper?
BY MR. DUNN:
Yes, they are.
(Emphasis added.) The plea of guilty form referred to by the court is entitled "Waiver of Constitutional Rights Plea of Guilty" and states in pertinent part:
I understand that by pleading guilty that I am waiving ... the privilege against self-incrimination or having to take the stand myself and testify, and to have preliminary pleadings filed and heard on my behalf.
(Emphasis added.) This part was initialed by defendant. The statement was also signed at the end by defendant, his attorney and the Commissioner, and dated November 29, 1979 (date the guilty plea was entered).
*527 While the colloquy at the time the guilty plea was entered does not specifically refer to defendant's waiver of his privilege against self-incrimination, the trial court did question defendant about his understanding of the "plea of guilty form" which contained an express waiver of defendant's "privilege against self-incrimination or having to take the stand myself and having to testify." This provision was initialed by defendant. Also, the statement was signed at the end by defendant, his attorney and the Commissioner. In our view, this constitutes a sufficient affirmative showing in the record of an express and knowing waiver of defendant's privilege against self-incrimination to satisfy that requirement of Boykin. Since the record also supports the other requirements of Boykin, we are unable to say that the trial judge erred in denying defendant's motion to withdraw his plea of guilty.
We consider the recent case of State v. Williams, 384 So.2d 779 (La.1980), to be clearly distinguishable from the instant case. Williams involved a plea of guilty to distribution of marijuana in which defendant was sentenced to six years imprisonment at hard labor and a fine of seventy-five hundred dollars. In Williams, the trial court simply questioned defendant as to whether he had discussed his rights with his counsel and understood them. We concluded that the record did not disclose a knowing and voluntary waiver of his constitutional rights. Such is not the case here.
Having concluded that the requirements of Boykin have been satisfied in the instant case, we need not reach the issue for which we granted the application, that is, do the requirements of Boykin apply in the case of a misdemeanor?
For the reasons assigned, the writ previously granted in this matter is recalled and vacated.
DENNIS, J., concurs but expresses concern and his opinion that this narrow exception to the requirement of an oral Boykin colloquy should be limited to the facts of this case.
NOTES
[1] "Felony" is any crime for which an offender may be sentenced to death or imprisonment at hard labor. La. R.S. 14:2(4); La. Code Crim.P. art. 933(3). "Misdemeanor" is any crime other than a felony. La. R.S. 14:2(6); La. Code Crim.P. art. 933(4). La. R.S. 14:67 provides that, when the taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months or may be fined for not more than five hundred dollars, or both. La. R.S. 14:27(D)(2) provides that, when the offense so attempted is theft and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. Hence, the crime of attempted theft of property of a value of less than one hundred dollars for which defendant was charged is a misdemeanor as it is not an offense punishable by imprisonment at hard labor.
[2] These proceedings were before a Commissioner, Magistrate Section III of the Criminal District Court for the parish of Orleans.
[3] The application to this court included a transcript of the colloquy that took place at the time the guilty plea was entered but not the plea of guilty form contained in the record lodged with this court.