400 So.2d 868 (1981)
STATE of Louisiana
v.
Dobie Gillis WILLIAMS.
No. 80-K-2345.
Supreme Court of Louisiana.
June 22, 1981.
Ted Brett Brunson, Public Defender Program, Many, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Herman Lawson, Asst. Dist. Atty., for plaintiff-respondent.
WATSON, Justice.
In this post conviction proceeding, a writ was granted to review the trial court's refusal to set aside defendant's guilty plea. Defendant alleges that the trial court did not advise him of his rights: (1) the privilege against compulsory self-incrimination; (2) trial by jury; and (3) confrontation of one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The issue is whether the prosecution carried its burden of proving that defendant voluntarily and understandingly entered his plea of guilty.
Defendant, with the advice of counsel, pleaded guilty on March 12, 1979, to armed robbery and was sentenced to fifteen years at hard labor.
*869 On July 2, 1980, defendant filed an application challenging the validity of his plea. At the hearing, the prosecution introduced only the record of the proceeding at which the guilty plea was entered.[1]
The trial judge attempted to ascertain that the plea was being made knowingly and voluntarily. Defendant was asked if he were aware of the rights being relinquished, the nature of the offense and the possible penalties. However, the judge did not explain the rights being waived and apparently relied upon the assumption that defense counsel had explained those rights.
Since the colloquy between defendant and the trial judge does not affirmatively reflect that defendant was aware he was waiving his three constitutional Boykin rights, his plea must be set aside. State v. Williams, 384 So.2d 779 (La., 1980).
REVERSED AND REMANDED.
MARCUS and BLANCHE, JJ., dissent and assign reasons.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
When defendant's 1979 guilty plea was challenged in these proceedings, the prosecution had the burden of establishing its validity. The decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), whatever else it may stand for, certainly imposed this burden.[1] *870 The Boykin decision also rejected any presumption of a knowledgable, intelligent waiver, when the record of the guilty plea is silent as to the nature and extent of the information available to defendant (from whatever source), either defense counsel or the trial court) at the time he entered his plea. Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973), cert. denied, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974).
The record of the colloquy (the only evidence introduced by the prosecution in this proceeding attacking the guilty plea) does not establish that either the judge or the defense counsel explained to defendant the consequences of the guilty plea. And the prosecution did not introduce any other evidence at the hearing on the post conviction motion to establish that defendant was aware of the rights relinquished, the nature of the offense, and the possible sentence. Thus, the evidence in this proceeding is insufficient to fulfill the prosecution's burden of showing that defendant entered his plea with an awareness of its nature and consequences.
I emphasize, however, that the prosecution, at the hearing on defendant's post conviction motion, could have attempted to establish the validity of the plea by producing evidence that defendant was aware of the rights relinquished and the consequences of his guilty plea.[2]McChesney v. Henderson, above; see also Brown v. Jernigan, 622 F.2d 914 (5th Cir. 1980). Because the prosecution failed to offer any evidence beyond the record of the colloquy, the guilty plea must be set aside.
BLANCHE, Justice (dissenting).
For the following reasons, I respectfully dissent from the majority opinion.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) does not require a "three right articulation" as a prerequisite to a valid guilty plea and the application of a "three right articulation rule", once again endorsed by the majority herein, creates injustice and does not in fact result in a true determination of whether a guilty plea was knowing and voluntary. I disagree with the majority holding that "Since the colloquy between defendant and the trial judge does not affirmatively reflect that defendant was aware he was waiving his three constitutional Boykin rights, his plea must be set aside ...".
In 1969 in Boykin v. Alabama, supra, the United States Supreme Court examined a guilty plea to common law robbery, an offense which was punishable by death in *871 Alabama. In that case, defendant pleaded guilty at his arraignment to five indictments for common law robbery three days after counsel was appointed to represent him. According to the Boykin majority, "so far as the record shows, the judge asked no questions of petitioner concerning his plea and petitioner did not address the court." A jury sentenced defendant to death on each of the indictments. The United States Supreme Court reversed that defendant's conviction based upon his guilty plea, endorsing the dissenting justices of the Alabama Supreme Court's view that there was reversible error "`because the record does not disclose that the defendant voluntarily and understandingly entered his plea of guilty.'"
In the course of its opinion in Boykin, the Court noted that several federal constitutional rights are waived when a defendant pleads guilty in a state trial: First, the privilege against the compulsory self incrimination; second, the right to a trial by jury; and third, the right to confront one's accusers. The court continued, "we cannot presume a waiver of these three important federal rights from a silent record."
This Court has, since Boykin, attempted to delineate what showing the state is required to make in order to prove that a guilty plea in a Louisiana state proceeding has been knowingly and voluntarily entered in compliance with Boykin. In State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), we held that pleas of guilty would be set aside absent a showing that defendant was informed of and expressly and knowingly waived his privilege against compulsory self incrimination, his right to a trial by jury and his right to confront his accusers. The Jackson Court reserved the issues of whether the judge himself must examine the defendant and whether a contemporaneous record of the examination must be made. The Court ultimately required that the state produce a contemporaneous record of defendant's guilty plea colloquy with the trial judge affirmatively showing the waiver of the above three rights in instances where a prior conviction based on a guilty plea was used to enhance the penalty under our multiple offender laws, State v. Martin, 379 So.2d 1092 (La. 1980), as interpreted by State v. Williams, 384 So.2d 779 (La.1980), or where a guilty plea serves as the basis for a prior conviction where that conviction is an essential element of the crime charged. State v. Martin, 382 So.2d 933 (La.1980); State v. Bolton, 379 So.2d 722 (La.1980), as interpreted by State v. Williams, supra. The Court held that the same showing would be required in order to withstand a direct attack on a conviction on the basis that the guilty plea was not knowingly and voluntarily made. State v. Williams, supra.
Since the Boykin decision our courts have gradually developed the above outlined hard and fast rule to test the validity of guilty pleas and to serve as a guide to the trial judges in the taking of a guilty plea.[1] The rule was most recently affirmed by the majority herein with regard to "relatively recent" pleas. The mandates of this rule, i. e. that the trial judge himself conduct a colloquy with the defendant, explaining to him that by pleading guilty defendant waives his privilege against compulsory self incrimination, his right to a trial by jury and his right to confront his accusers and that the defendant expressly and knowingly waives these rights and that a contemporaneous record of the guilty plea colloquy be *872 made, provide not only a settled guide for trial judges, but a certain standard for reviewing the validity of a guilty plea when that plea is attacked either collaterally or directly. However, the rule we have developed is far from ideal and does not conclusively serve the intended purpose of ascertaining whether a guilty plea is knowing and voluntary.
Although this Court has repeatedly referred to the "three right articulation rule" as an application of the Boykin decision, the Boykin holding does not compel the guilty plea procedure we have developed. As noted above, the defendant in Boykin pleaded guilty to offenses for which he was sentenced to die and "so far as the record shows the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." The United States Supreme Court ruled that "the three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error `because the record does not disclose that the defendant voluntarily and understandingly entered his plea of guilty.'"
The Boykin court did not expressly require a "three right articulation rule" when it held that the record in the case failed to show that defendant's guilty plea was a knowing and voluntary one. The court did, in the course of its opinion, mention the three federal constitutional rights referred to above and then stated, "We cannot presume a waiver of these three important federal rights from a silent record."
In Jackson, supra, this Court held that this Boykin language required that a defendant be informed of, and expressly and knowingly waive, each right. We have interpreted the following language in Boykin to require a contemporaneous record of the colloquy between the trial judge and the defendant to withstand either a direct or collateral attack of a guilty plea: "When the judge discharges that function [making certain that a defendant has a full understanding of what his plea connotes and of its consequence] he leaves a record adequate for any review that may be later sought [citations omitted] and forestalls the spinoff of collateral proceedings that seek to probe murky memories." State v. Williams, 384 So.2d 779 (La.1980).
Although all of the above quoted language is found within the parameters of the Boykin decision, the listing of the three federal constitutional rights waived by a guilty plea and the benefits of a contemporaneous record of a colloquy between the judge and defendant reflecting a waiver of these rights are phrased more as observations and recommendations rather than serving to set out mandatory "formula" prerequisites for valid guilty pleas. This Court noted in State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972) that "a majority of the state decisions thus far require only that the trial judge canvass the matter with the defendant to verify that the plea is freely and understandingly made." Louisiana's formulistic interpretation of the requirements of Boykin apparently remains a minority view among other states. The majority of other jurisdictions do not vacate guilty pleas for failure of the record of that plea to affirmatively reflect a waiver of the three constitutional rights mentioned in Boykin. J. E. Bond, Plea Bargaining and Guilty Pleas, Clark Boardman Co., Ltd., New York, N.Y., 1978, § 3.08[2] p. 96.2. Significantly, the United States Supreme Court itself has not, since Boykin, clarified its language in Boykin as mandating the "three right articulation rule" which is at this time the law in Louisiana.
In fact, as emphasized in McChesney v. Henderson, 482 F.2d 1101 (5th Cir. 1973), in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court upheld a guilty plea on the basis that it was "voluntary" and "intelligent", citing Boykin. The Brady decision at no point indicated that a three right articulation is required when a guilty plea is entered. In Footnote 4, 90 S.Ct. at p. 1468 of Brady, the Court noted that "[t]he new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pleaded *873 guilty entered his plea understandingly and voluntarily."
In the McChesney case, the 5th Circuit examined a Louisiana state court guilty plea and held that "there is no requirement that there be express articulation and waiver of the 3 constitutional rights referred to in Boykin by the defendant at the time of acceptance of his guilty plea, if it appears from the record that the accused's plea was intelligent and voluntarily made, with knowledge of its consequences." 482 F.2d at 1110. The Court further held that "... in deciding the voluntariness of McChesney's guilty plea consideration must be given to the record of proceedings not only which transpired when the plea was accepted, but also in the post conviction state evidentiary hearing." 482 F.2d at 1111.
I urge that the key inquiry where the validity of a guilty plea is at issue is whether that plea is knowing and voluntary, and that this is the determination that is constitutionally required. This Court has recently affirmed the fact that the validity of a guilty plea turns upon whether it was a knowing and voluntary plea. State v. Galliano, 396 So.2d 1288 (La.1981). Although the defendant in that case had been informed of and waived the three constitutional rights mentioned in Boykin, we held that the court had the power "notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent." Galliano, supra, at p. 1290. In Galliano, we affirmed the trial court ruling vacating a guilty plea based upon the finding that it was not voluntary and intelligent and in doing so, looked to a statement by the trial judge (who had accepted defendant's plea) at the hearing on a motion to withdraw the plea, that he had misled defendant when taking the plea. Thus, this case also stands for the proposition that a court may look beyond the transcript of a plea colloquy to determine the voluntariness of a guilty plea.
Requiring an express on-the-record colloquy between the trial judge and the defendant reflecting a waiver of the three constitutional rights mentioned in Boykin does not resolve the issue of voluntariness of a guilty plea as our decision in Galliano illustrates, although it does serve as a workable starting point in that determination. If the three right articulation rule is strictly applied, it effectively blocks a true inquiry into whether a knowing and voluntary guilty plea was tendered where there has been a failure to comply with an element of the rule in instances where, in fact, a defendant's rights have been carefully guarded and protected by the court and his attorney, and he was indeed fully aware of the consequences of his plea and voluntarily entered that plea. It is patently unjust to allow successful attacks on guilty pleas solely because records of the plea were, perhaps, destroyed or the record omits an element of the three right articulation rule.
Despite the defects of the three right articulation rule, it would be counterproductive to discard a rule in which the courts of this jurisdiction have invested so much time and effort. As noted above, the three right articulation rule serves as a settled guideline for a judge in the taking of a guilty plea and provides a formula method for ascertaining that the defendant is aware of certain consequences of his guilty plea prior to entering that plea.
I would utilize the three right articulation rule in the future as a starting point in the determination of whether a guilty plea is knowing and voluntary. In cases where the three right articulation rule as developed by this Court has been complied with, the burden of proof would be on the defendant to show that the guilty plea is invalid. The defendant may show, as in Galliano, with evidence found within the transcript of his guilty plea proceeding or with other pertinent evidence, that his plea was for some reason invalid. In cases where there is a failure of strict compliance with this rule when the guilty plea is attacked, the burden would be on the state to show that the plea was nevertheless valid (i. e. knowing and voluntary). The state could *874 do so with evidence either from the guilty plea proceedings or otherwise to indicate that the plea was, in fact, a knowing and voluntary one.[2]
The record of the guilty plea proceeding introduced below by the prosecutor reflects that defendant was represented by counsel and the trial judge sought to determine if defendant's plea was free and voluntary. He ascertained from defendant that defendant wished to change his plea from not guilty to guilty. He asked defendant if he had discussed the plea with his attorney and if he understood that by pleading guilty he was giving up certain rights that he would have had he gone to trial. Defendant responded affirmatively. Defendant indicated to the judge that he had not been coerced or promised anything for his plea of guilty and, specifically that he had not been promised a particular sentence. According to defendant, his attorney had discussed with him the penalties provided by law for the offense of armed robbery.
The court inquired of defendant whether he was familiar with the charge of armed robbery. Defendant stated he was, and that he was pleading guilty because he was in fact guilty. After the district attorney related the facts surrounding this particular robbery, defendant indicated to the court that the district attorney's account of the robbery was substantially true and correct. The court concluded that the defendant knowingly and voluntarily entered his plea of guilty, and that there was a factual basis for the charge of armed robbery. I agree that under the circumstances defendant's plea was a knowing and voluntary plea and would, therefore, affirm the trial court ruling to this effect.
MARCUS, Justice (dissenting).
In my view, it is the totality of the facts and circumstances at the time the guilty plea is entered that determines whether the guilty plea was intelligently and voluntarily made. Accordingly, I would remand the case to the trial court for an evidentiary hearing to determine whether the guilty plea was voluntarily and intelligently entered by defendant. I respectfully dissent.
NOTES
[1] The entire record of that proceeding is as follows:

"MR. LAWSON: Your Honor, this is 25,734, State v. Dobie Gillis Williams, and my understand (sic) is that the defendant desires to withdraw his former plea of Not Guilty to the charge of Armed Robbery and entered a plea of Guilty to the charge of Armed Robbery.
"MR. BURKETT: That's correct, Your Honor.
"THE COURT: Is that correct, Mr. Williams?
"THE DEFENDANT: Yes, sir.
"THE COURT: You have discussed this with your attorney?
"THE DEFENDANT: Yes, sir.
"THE COURT: You understand that by entering this plea of guilty, you are giving up certain rights that you would have if you went to trial?
"THE DEFENDANT: Yes, sir.
"THE COURT: This is freely and voluntarily done on your part?
"THE DEFENDANT: Yes, sir.
"THE COURT: No one is forcing you to do this?
"THE DEFENDANT: No, sir.
"THE COURT: No one has promised you anything for doing this?
"THE DEFENDANT: No, sir.
"THE COURT: No one has promised you any particular sentence?
"THE DEFENDANT: No, sir.
"THE COURT: Has your attorney discussed with you the penalties that the law provides?
"THE DEFENDANT: Yes, sir.
"THE COURT: You are familiar with the nature of the charge of armed robbery?
"THE DEFENDANT: Yes, sir.
"THE COURT: And you are pleading guilty solely because you are, in fact, guilty, is that correct?
"THE DEFENDANT: Yes, sir.
"THE COURT: The Court finds the defendant present in Court with his attorney is knowingly and intelligently entering this plea of guilty; that he understands the nature of the charge; that he is freely and voluntarily entering this plea. Would you state, Mr. District Attorney, the factual basis for the charge?
"DISTRICT ATTORNEY: Yes, sir, on or about the 4th day of September, 1978, the Defendant along with one Michael Williams, broke into the home of Leola Hill, here in Sabine Parish, armed themselves with a Coke bottle, held Mrs. Hill, hit her with the Coke bottle, armed themselves with a butcher knife and robber her of $10 in cash and then left the premises.
"THE COURT: Is that substantially true and correct, Mr. Williams?
"THE DEFENDANT: Yes, sir.
"THE COURT: The Court finds there is a factual basis for the charge and for all reasons stated, accepts the defendant's plea of guilty. Do you waive the delays for sentencing?
"MR. BURKETT: No, sir, Your Honor, I would request a pre-sentence in this matter.
"THE COURT: The Court is ordering a pre-sentence investigation and is specifically requesting that the past conviction record of the defendant be included in the report. I believe that takes care of this."
[1] In State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) this court interpreted the Boykin decision and (1) required, when a guilty plea is attacked in post conviction proceedings, that a showing of "an express and knowing waiver of at least these three federal constitutional rights [the right against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers] must be made, which waiver cannot be presumed" and (2) strongly recommended, as the preferable procedure, that the trial judge himself conduct an examination of the defendant and make a contemporaneous record of the colloquy, in order to avoid later questions as to validity of the waiver.

While there has been language in some opinions expressing the view that a written contemporaneous record of the trial judge's examination as to each of these three rights is constitutionally required, several judges on the present court believe that the prosecution may fulfill its burden by proving, with the record of the guilty plea colloquy or with other evidence introduced at the hearing on the post conviction motion attacking the plea, that the plea was knowingly and voluntarily made. That determination must be made on a case-by-case basis.
Guilty pleas, being convictions, should be afforded a great measure of finality. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). On the other hand, due process requires that a guilty plea not be closed to a subsequent attack on its constitutionality. Courts have attempted to balance the undeniable need for finality of convictions against the defendant's right to challenge a constitutionally invalid guilty plea. By the simple expedient of following rather clearly outlined prophylactic procedures (such as those suggested in the various available forms for guilty plea colloquies), trial judges can accommodate both interests.
[2] In the McChesney case the Court of Appeals said "[N]o rule of criminal procedure was mandated by Boykin, and there is no express requirement that specific articulation of the three constitutional rights ... be given to the accused at the time of the acceptance of the guilty plea, but it is necessary that the record show that the guilty plea was intelligently and voluntarily made". Id. at 1107. Later in this opinion the court said "[E]vidence in post conviction habeas proceedings may be considered which show that a guilty plea was intelligently and voluntarily made at the time with awareness of its consequences." Id. at 1107.
[1] The Court did create somewhat of a caveat to this rule in State v. Dunn, 390 So.2d 525 (La. 1980). In that case, we upheld a trial judge's refusal to set aside a guilty plea although the colloquy between the trial judge and the defendant did not include an explanation to defendant of his right against self incrimination. However, we found that the plea was constitutionally sufficient in that there was an affirmative showing in the record of an express and knowing waiver of defendant's privilege against self incrimination since the record included a guilty plea form signed by defendant containing a waiver of this right. The trial court had questioned defendant as to whether his attorney had explained the provisions of the guilty plea form, asked if he had any questions about it and asked if the initials and signature on the form were defendant's. Defendant verified his signature, indicated that his attorney had explained the provisions of the form to him and stated he had no questions about the form.
[2] Some factors the court should look to in determining whether a plea was free and voluntary are: the extent of compliance with the three right articulation rule; generally any attempt made by the trial judge to ascertain whether defendant's plea was free and voluntary; whether defendant was advised as to the nature of the charges against him, the acts sufficient to constitute the offense of which he is accused and the permissible range of sentences. Boykin v. Alabama, supra, footnote 7; the quality of defendant's representation by his counsel where the defendant was represented by counsel, State v. Beatty, 391 So.2d 828 (La. 1980); and whether defendant's rights were explained to him by an attorney or whether defendant knowingly signed a waiver of rights form. State v. Dunn, 390 So.2d 525 (La.1980).