402 So.2d 662 (1981)
STATE of Louisiana
v.
Randolph WARREN a/k/a Randolph Mason.
No. 80-K-2375.[*]
Supreme Court of Louisiana.
June 22, 1981.
Rehearing Denied September 4, 1981.
*663 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John F. Rowley, Dist. Atty., Glenn E. Diaz, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-applicant.
Ovide M. Tregle, Jr., Metairie, Walter Drake, Chalmette, for defendant-respondent.
WATSON, Justice.
In this habeas corpus application, the issue is whether defendant, Randolph Warren, is entitled to have his guilty pleas set aside because the trial judge did not advise him more than six years ago of the right to confront his accusers and the privilege against compulsory self-incrimination.[1]
Randolph Warren had three indictments against him: one for armed robbery and two for aggravated rape. He pled guilty to the armed robbery charge and guilty without capital punishment to the two charges of aggravated rape. On November 13, 1974, Warren received two concurrent sentences of life imprisonment for the rapes and ten consecutive years for the armed robbery.
Currently, in every Louisiana felony case, the trial judge is required to articulate the three rights prescribed by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
The question is whether, many years later, defendant should be permitted to withdraw his pleas "... and be given another choice between admitting ... guilt and putting the State to its proof." McMann v. Richardson, 397 U.S. 759 at 773, 90 S.Ct. 1441 at 1450, 25 L.Ed.2d 763 at 775 (1970).
If the pleas are set aside and a new trial required, it is probable that the state's case, no matter how strong six years ago, would be impossible of proof. Victims of rape would be unable or unwilling to go through a prosecution after the lapse of six years. Because of the length of time between the pleas and the habeas corpus application, the state is entitled to prove that the pleas by defendant were intelligently and voluntarily made, the fundamental Boykin requirement. McChesney v. Henderson, 482 F.2d 1101 (5 Cir. 1973); Brown v. Jernigan, 622 F.2d 914 (5 Cir. 1980); Wright v. United States, 624 F.2d 557 (5 Cir. 1980); and Pollinzi v. Estelle, 628 F.2d 417 (5 Cir. 1980).[2]
The court reporter lost all notes pertaining to Warren's guilty plea hearing. No record of the guilty plea colloquy with the trial judge is available. Because of this defect in the record, the trial court granted Warren's application for a writ of habeas corpus and vacated his guilty pleas.
A statement in the record by the trial court filed June 4, 1974, recites the following:
"ACKNOWLEDGEMENT OF RIGHTS ON ENTRY OF A PLEA OF GUILTY
"I am required as Judge of the 25th Judicial District Court, Parish of St. Bernard, to ascertain from you the following information. I am also going to explain the nature of the crime of which you are charged. I will also explain the consequences of your plea of Guilty.
"I will read to you the following. If you have any questions or if you do not understand, stop me and I will give you any additional instructions which you may require.

*664 "I have requested your attorney to also advise you of your rights.
"I will read this to you and your attorney and require both of you to sign as an acknowledgement thereto.
"(1) You are charged with the crime of aggravated rape (R.S. 14:42) which occurred on the 19th day of June, 1973. The mandatory sentence which I must impose is life imprisonment upon a plea by you of Guilty Without Capital Punishment.
"(2) Has anyone done any of the following acts against either you or any member of your family in order for you to plead guilty?
"Used force, intimidation, coercion, promise or reward, and further,
"Do you understand that the plea of guilty is your decision and no one can force you to so plead?
"That to plead guilty is your voluntary act and must be free from any vice which you render your ability to plead guilty inadequate?
"(3) You have the right to a jury trial, which jury may either find you guilty as charged, not guilty or guilty of a lessor crime.
"(4) You have the right to have an attorney to defend you. If you cannot afford an attorney, I will appoint one for you, which will be free of all cost to you.
"(5) If you plead guilty, you do not have the right to appeal any defects which might have occurred in your case.
"In other words, by pleading guilty you waive any defects in either,
"a) An illegal arrest
"b) An illegal search and seizure
"c) An illegal confession
"d) An illegal lineup, and
"e) The fact that the state might not be able to prove said charge.
"By pleading guilty, you are telling the court that you have committed the crime for which you are charged, that you are the person who did commit said crime, and you are ready for sentencing. You therefore have no further legal delays.
"I, as judge, have read to the defendant the above and I am satisfied that the defendant has entered a voluntary plea of guilty, that the defendant was aware of the nature of the charge against him and that I am satisfied that he did in fact commit said crime. Further, that the defendant understands the consequence of said plea of guilty.
"Chalmette, Louisiana, June 4, 1974.
 /s/ August A. Nobile, Jr.
 Judge" (Tr. 14-15)
One of Warren's trial attorneys signed a statement at the time of his guilty pleas:
"I, as an attorney for the defendant, was present during the questioning of defendant with regard to his plea. I have also instructed the defendant of his rights and the consequence of said plea of guilty. I am satisfied that the plea is a voluntary act of the defendant."
Warren also signed a statement, as follows:
"I, as the defendant, have been instructed by the court of the nature of the charge against me and that the act of pleading guilty is a free and voluntary act on my part; that no one can force me to plead guilty; that by pleading guilty I admit that I committed the said crime and am ready for sentencing to the penitentiary. The judge has further instructed me of the consequences of said act of pleading guilty."
These statements are relevant to the question of whether Warren's pleas were free and voluntary but do not alone establish that the pleas were valid. There were extensive pretrial proceedings prior to entry of the pleas, which indicate the pleas may have been intelligently made. Warren escaped the possibility of capital punishment, but received no other sentencing benefit. The matter is remanded for an evidentiary hearing on the question of whether the 1974 guilty pleas were voluntarily and intelligently entered by defendant. The burden of proof will be on the state. Pertinent evidence will be the testimony of trial counsel and any other testimony which might reconstruct the circumstances at the time *665 the pleas were entered. State v. Smith, 375 So.2d 1328 (La., 1979); McChesney v. Henderson, supra; Pollinzi v. Estelle, supra.
For the foregoing reasons, the trial court ruling granting Warren's application for a writ of habeas corpus and vacating his 1974 guilty pleas is reversed and the matter is remanded for an evidentiary hearing.
REVERSED AND REMANDED.
MARCUS and BLANCHE, JJ., concur and assign reasons.
DENNIS, J., dissents with reasons.
CALOGERO, J., dissents for reasons assigned by DENNIS, J., in State v. Cusher, 400 So.2d 601 (La.1981).
MARCUS, Justice (concurring).
In my view, the length of time between a guilty plea and the habeas application to set aside the guilty plea for failure of the trial judge to articulate the three rights prescribed by Boykin is only one of the factors in the determination of whether the guilty plea by defendant was intelligently and voluntarily made. It is the totality of all the facts and circumstances that determines whether the guilty plea was intelligently and voluntarily made. Accordingly, I agree that the ruling of the trial judge granting defendant's application for habeas relief and vacating his guilty pleas is properly reversed and the case remanded for an evidentiary hearing on the question of whether the guilty pleas were voluntarily and intelligently entered by defendant. I respectfully concur.
BLANCHE, Justice (concurring).
I concur with the majority opinion for the following reasons.
The majority holds that "Because of the length of time between the pleas and the habeas corpus application, the State is entitled to prove that the pleas by defendant were intelligently and voluntarily made, the fundamental Boykin requirement ...". I agree that the fundamental inquiry in determining the validity of a guilty plea is whether that plea is intelligent, or knowing, and voluntary. I also agree with the majority that when a guilty plea is attacked, the state should be allowed to make a showing that the plea was knowing and voluntary.
However, I disagree with the majority holding that this inquiry and opportunity for proof arises only in situations where there is a great length of time between the pleas and the habeas corpus application. Regardless of the length of time between a guilty plea and an attack on that plea, the test in determining whether a guilty plea is valid is whether that plea is knowingly and voluntarily made. A court should look to the totality of the circumstances surrounding that plea in making this determination. I do not agree with the majority view expressed in footnote 2 that "where, as in State v. Williams, 384 So.2d 779 (La.1980), a plea is relatively recent [1979] the colloquy with the trial judge must affirmatively establish a waiver of the three constitutional Boykin rights ...". Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) does not require this "three right articulation" as a prerequisite to a valid guilty plea and the application of a "three right articulation rule", once again endorsed by the majority herein, creates injustice and does not in fact result in a true determination of whether a guilty plea was knowing and voluntary.
In 1969 in Boykin v. Alabama, supra, the United States Supreme Court examined a guilty plea to common law robbery, an offense which was punishable by death in Alabama. In that case, defendant pleaded guilty at his arraignment to five indictments for common law robbery three days after counsel was appointed to represent him. According to the Boykin majority, "so far as the record shows, the judge asked no questions of petitioner concerning his plea and petitioner did not address the court." A jury sentenced defendant to death on each of the indictments. The United States Supreme Court reversed that defendant's conviction based upon his guilty plea, endorsing the dissenting justices of the Alabama Supreme Court's view that there was *666 reversible error "`because the record does not disclose that the defendant voluntarily and understandingly entered his plea of guilty.'"In the course of its opinion in Boykin, the Court noted that several federal constitutional rights are waived when a defendant pleads guilty in a state trial: First, the privilege against the compulsory self incrimination; second, the right to a trial by jury; and third, the right to confront one's accusers. The court continued, "we cannot presume a waiver of these three important federal rights from a silent record."
This Court has, since Boykin, attempted to delineate what showing the state is required to make in order to prove that a guilty plea in a Louisiana state proceeding has been knowingly and voluntarily entered in compliance with Boykin. In State ex rel. Jackson v. Henderson, 255 So.2d 85 (La. 1971), we held that pleas of guilty would be set aside absent a showing that defendant was informed of and expressly and knowingly waived his privilege against compulsory self incrimination, his right to a trial by jury and his right to confront his accusers. The Jackson Court reserved the issues of whether the judge himself must examine the defendant and whether a contemporaneous record of the examination must be made. The Court ultimately required that the state produce a contemporaneous record of defendant's guilty plea colloquy with the trial judge affirmatively showing the waiver of the above three rights in instances where a prior conviction based on a guilty plea was used to enhance the penalty under our multiple offender laws, State v. Martin, 379 So.2d 1092 (La.1980), as interpreted by State v. Williams, 384 So.2d 779 (La.1980), or where a guilty plea serves as the basis for a prior conviction where that conviction is an essential element of the crime charged. State v. Martin, 382 So.2d 933 (La.1980); State v. Bolton, 379 So.2d 722 (La.1980), as interpreted by State v. Williams, supra. The Court held that the same showing would be required in order to withstand a direct attack on a conviction on the basis that the guilty plea was not knowingly and voluntarily made. State v. Williams, supra.
Since the Boykin decision our courts have gradually developed the above outlined hard and fast rule to test the validity of guilty pleas and to serve as a guide to the trial judges in the taking of a guilty plea.[1] The rule was most recently affirmed by the majority herein with regard to "relatively recent" pleas. The mandates of this rule, i. e. that the trial judge himself conduct a colloquy with the defendant, explaining to him that by pleading guilty defendant waives his privilege against compulsory self incrimination, his right to a trial by jury and his right to confront his accusers and that the defendant expressly and knowingly waives these rights and that a contemporaneous record of the guilty plea colloquy be made, provide not only a settled guide for trial judges, but a certain standard for reviewing the validity of a guilty plea when that plea is attacked either collaterally or directly. However, the rule we have developed is far from ideal and does not conclusively serve the intended purpose of ascertaining whether a guilty plea is knowing and voluntary.
Although this Court has repeatedly referred to the "three right articulation rule" as an application of the Boykin decision, the Boykin holding does not compel the guilty plea procedure we have developed. As noted *667 above, the defendant in Boykin pleaded guilty to offenses for which he was sentenced to die and "so far as the record shows the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." The United States Supreme Court ruled that "the three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error `because the record does not disclose that the defendant voluntarily and understanding entered his pleas of guilty.'"
The Boykin court did not expressly require a "three right articulation rule" when it held that the record in the case failed to show that defendant's guilty plea was a knowing and voluntary one. The court did, in the course of its opinion, mention the three federal constitutional rights referred to above and then stated, "We cannot presume a waiver of these three important federal rights from a silent record."
In Jackson, supra, this Court held that this Boykin language required that a defendant be informed of, and expressly and knowingly waive, each right. We have interpreted the following language in Boykin to require a contemporaneous record of the colloquy between the trial judge and the defendant to withstand either a direct or collateral attack of a guilty plea: "When the judge discharges that function [making certain that a defendant has a full understanding of what his plea connotes and of its consequence] he leaves a record adequate for any review that may be later sought [citations omitted] and forestalls the spinoff of'collateral proceedings that seek to probe murky memories." State v. Williams, 384 So.2d 779 (La.1980).
Although all of the above quoted language is found within the parameters of the Boykin decision, the listing of the three federal constitutional rights waived by a guilty plea and the benefits of a contemporaneous record of a colloquy between the judge and defendant reflecting a waiver of these rights are phrased more as observations and recommendations rather than serving to set out mandatory "formula" prerequisites for valid guilty pleas. This Court noted in State ex rel. LeBlanc v. Henderson, 259 So.2d 557 (La.1972) that "a majority of the state decisions thus far require only that the trial judge canvass the matter with the defendant to verify that the plea is freely and understanding made." Louisiana's formulistic interpretation of the requirements of Boykin apparently remains a minority view among other states. The majority of other jurisdictions do not vacate guilty pleas for failure of the record of that plea to affirmatively reflect a waiver of the three constitutional rights mentioned in Boykin. J. E. Bond, Plea Bargaining and Guilty Pleas, Clark Boardman Co., Ltd., New York, N.Y., 1978, § 3.08[2] p. 96.2. Significantly, the United States Supreme Court itself has not, since Boykin, clarified its language in Boykin as mandating the "three right articulation rule" which is at this time the law in Louisiana.
In fact, as emphasized in McChesney v. Henderon, 482 F.2d 1101 (5th Cir. 1973), in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court upheld a guilty plea on the basis that it was "voluntary" and "intelligent", citing Boykin. The Brady decision at no point indicated that a three right articulation is required when a guilty plea is entered. In Footnote 4, 90 S.Ct. at p. 1468 of Brady, the court noted that "[t]he new element added in Boykin was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily."
In the McChesney case, the 5th Circuit examined a Louisiana state court guilty plea and held that "there is no requirement that there be express articulation and waiver of the 3 constitutional rights referred to in Boykin by the defendant at the time of acceptance of his guilty plea, if it appears from the record that the accused's plea was intelligent and voluntarily made, with knowledge of its consequences." 482 F.2d at 1110. The Court further held that "... in deciding the voluntariness of McChesney's *668 guilty plea consideration must be given to the record of proceedings not only which transpired when the plea was accepted, but also in the post conviction state evidentiary hearing." 482 F.2d at 1111.
I urge that the key inquiry where the validity of a guilty plea is at issue is whether that plea is knowing and voluntary, and that this is the determination that is constitutionally required. This Court has recently affirmed the fact that the validity of a guilty plea turns upon whether it was a knowing and voluntary plea.State v. Galliano, 396 So.2d 1288 (La.1981). Although the defendant in that case had been informed of and waived the three constitutional rights mentioned in Boykin, we held that the court had the power "notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent." Galliano, supra, at p. 1290. In Galliano, we affirmed the trial court ruling vacating a guilty plea based upon the finding that it was not voluntary and intelligent and in doing so, looked to a statement by the trial judge (who had accepted defendant's plea) at the hearing on a motion to withdraw the plea, that he had misled defendant when taking the plea. Thus, this case also stands for the proposition that a court may look beyond the transcript of a plea colloquy to determine the voluntariness of a guilty plea.
Requiring an express on-the-record colloquy between the trial judge and the defendant reflecting a waiver of the three constitutional rights mentioned in Boykin does not resolve the issue of voluntariness of a guilty plea as our decision in Galliano illustrates, although it does serve as a workable starting point in that determination. If the three right articulation rule is strictly applied, it effectively blocks a true inquiry into whether a knowing and voluntary guilty plea was tendered where there has been a failure to comply with an element of the rule in instances where, in fact, a defendant's rights have been carefully guarded and protected by the court and his attorney, and he was indeed fully aware of the consequences of his plea and voluntarily entered that plea. It is patently unjust to allow successful attacks on guilty pleas solely because records of the plea were, perhaps, destroyed or the record omits an element of the three right articulation rule.
Despite the defects of the three right articulation rule, it would be counterproductive to discard a rule in which the courts of this jurisdiction have invested so much time and effort. As noted above, the three right articulation rule serves as a settled guideline for a judge in the taking of a guilty plea and provides a formula method for ascertaining that the defendant is aware of certain consequences of his guilty plea prior to entering that plea.
I would utilize the three right articulation rule in the future as a starting point in the determination of whether a guilty plea is knowing and voluntary. In cases where the three right articulation rule as developed by this Court has been complied with, the burden of proof would be on the defendant to show that the guilty plea is invalid. The defendant may show, as in Galliano, with evidence found within the transcript of his guilty plea proceeding or with other pertinent evidence, that his plea was for some reason invalid. In cases where there is a failure of strict compliance with this rule when the guilty plea is attacked, the burden would be on the state to show that the plea was nevertheless valid (i. e. knowing and voluntary). The state could do so with evidence either from the guilty plea proceedings or otherwise to indicate that the plea was, in fact, a knowing and voluntary one.[2] *669 I agree with the remand in this case to allow the state an opportunity to prove that defendant's plea was knowing and voluntary.
DENNIS, Justice, dissenting.
I respectfully dissent for the reasons stated in my dissenting opinion in State v. Cusher, 400 So.2d 601 (La.1981).
NOTES
[*] Consolidated for argument with State v. Cusher,
[1] Warren was told of his right to trial by jury.
[2] Where, as in State v. Williams, 384 So.2d 779 (La., 1980), a plea is relatively recent [1979] the colloquy with the trial judge must affirmatively establish a waiver of the three constitutional Boykin rights. State v. Martin, 379 So.2d 1092 (La., 1980) applied the State ex rel Jackson v. Henderson rule to a 1974 conviction. However, the opinion is of questionable precedential value because C. J. Summers who concurred originally later filed an opinion which indicates disagreement with the result. 379 So.2d 1094.
[1] The Court did create somewhat of a caveat to this rule in State v. Dunn, 390 So.2d 525 (La. 1980). In that case, we upheld a trial judge's refusal to set aside a guilty plea although the colloquy between the trial judge and the defendant did not include an explanation to defendant of his right against self incrimination. However, we found that the plea was constitutionally sufficient in that there was an affirmative showing in the record of an express and knowing waiver of defendant's privilege against self incrimination since the record included a guilty plea form signed by defendant containing a waiver of this right. The trial court had questioned defendant as to whether his attorney had explained the provisions of the guilty plea form, asked if he had any questions about it and asked if the initials and signature on the form were defendant's. Defendant verified his signature, indicated that his attorney had explained the provisions of the form to him and stated he had no questions about the form.
[2] Some factors the court should look to in determining whether a plea was free and voluntary are: the extent of compliance with the three right articulation rule; generally any attempt made by the trial judge to ascertain whether defendant's plea was free and voluntary; whether defendant was advised as to the nature of the charges against him, the acts sufficient to constitute the offense of which he is accused and the permissible range of sentences. Boykin v. Alabama, supra, footnote 7; the quality of defendant's representation by his counsel where the defendant was represented by counsel, State v. Beatty, 391 So.2d 828 (La. 1980); and whether defendant's rights were explained to him by an attorney or whether defendant knowingly signed a waiver of rights form. State v. Dunn, 390 So.2d 525 (La.1980).