DENNIS, Judge,
dissenting.
I respectfully dissent.
The right to confront one’s accusers is guaranteed by both the federal and our state constitutions and is waived by a guilty plea. U.S. Const. amend. VI; La. Const., art. I, § 16; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This court has held that an affirmative and express waiver of this right must appear in the contemporaneous record of the proceeding in which the plea was entered in order to consider the plea knowing and voluntary. E.g., State v. Williams, 384 So.2d 779 (La. 1980).
In this case, the trial judge’s only reference to defendant’s confrontation right is as follows: “You understand that you are presumed innocent, and the State must call its witnesses and prove your guilt beyond a reasonable doubt.” The defendant is not told that he is entitled to confront the state’s witnesses, personally observing their testimony as well as subjecting them to cross-examination. I agree that the word “confront” need not be used, however, I cannot agree with the majority, that the brief remark above by the trial judge constitutes a sufficient alternative explanation upon which to base a valid waiver.