DOMENGEAUX, Judge,
dissenting.
I find the majority opinion correct to the extent that it finds appellant’s assignments of errors Nos. 2, 3, and 4 meritless, but disagree otherwise as shown hereinafter.
I recognize that the chronology of events in the pleading processes here are somewhat confusing, but nevertheless, a sifting of the ashes leaves me with the conclusion that the defendant herein was in fact sufficiently Boykinized.
On his first guilty plea on a charge of simple burglary, pursuant to a plea bargain defendant was Boykinized. As part of the plea bargain another pending charge of simple burglary to which the defendant had previously pled not guilty was dismissed. Two months later the defendant withdrew his guilty plea to the charge and the State withdrew its motion to dismiss the other charge and then reinstated this charge. The defendant then pled guilty to the reinstated charge (which had been previously dismissed and reinstated) and the State dismissed the other charge (to which the defendant had previously pled guilty and then withdrew his plea). What this amounted to was to change the docket number of the case in which the defendant pled guilty but not the offense to which he pled guilty. After the new guilty plea a pre-sentence investigation and report were ordered and after a sentence hearing the defendant was sentenced as stated in the majority opinion.
I feel that the reversing of this conviction and sentence results in a rather technical and unnecessary extension of Boykin requirements. The record satisfies me that this defendant knew exactly what l)e was doing and the consequences thereof when he pleaded guilty for the second time.
I respectfully suggest that the current Boykinization requirements set out by the Louisiana Supreme Court reach above and beyond the mandate of Boykin itself. I agree generally with the opinions of the minority Justices on our Supreme Court in their approach to the requirements of the Boykin rule. See the dissenting opinions of Justices Marcus and Blanche in State v. Williams, 400 So.2d 868 (La.1981), and the concurring opinions of those Justices in *468 State v. Warren, 402 So.2d 662 (La.1981), and State v. Halsell, 403 So.2d 688 (La.1981).
Considering the totality of the circumstances surrounding this case I am of the opinion that the plea herein was voluntarily and intelligently made and would therefore affirm the defendant’s conviction and sentence.
I respectfully dissent.