JASPER E. JONES, Judge.
Defendant, Robert A. Stansell, was charged by bill of information with simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. Pursuant to a plea bargain, defendant pled guilty to attempted simple burglary, LSA-R.S. 14:27 and LSA-R.S. 14:62, and he was sentenced to serve eighteen months in the parish jail. Defendant appeals his sentence as excessive and contends the trial court failed to comply with the LSA-C.Cr.P. art. 894.1 guidelines in imposing sentence.

Facts

In the early morning hours of June 24, 1984, defendant forcibly entered the residence of Jimmy Thompson by breaking out the glass in the front door. The defendant took from Thompson’s home a stereo and some albums, loaded them into his van and proceeded home. Defendant was arrested shortly thereafter and he gave a recorded statement confessing to the burglary. Defendant stated he committed the burglary because Thompson owed him over $400.00.
Defendant contends the trial court erred by failing to comply with the LSA-C.Cr.P. art. 894.1 guidelines and by imposing an excessive sentence.
The record reflects that before accepting defendant’s guilty plea to simple burglary, the trial judge inquired of defendant’s age, work history, education, satisfaction with his attorney and Whether any promises had been made in connection with the sentence he would receive following his guilty plea. The trial judge informed defendant of his right to trial by jury and his right to confront his accusers. Defendant voluntarily waived these rights.
A constitutionally valid guilty plea requires an express and knowing waiver of the accused’s right to trial by jury, his right to confront his accusers and his privilege against compulsory self incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Age, 417 So.2d 1183 (La.1982); State v. Robicheaux, 412 So.2d 1313 (La.1982).
The “Boykinization” of a defendant to make sure he fully understands what his guilty plea connotes and of its consequences is a part of the plea rather than testimony or evidence. Therefore, a review of the “Boykinization” for error on appeal constitutes a mere inspection of the pleadings and proceedings without inspection of the evidence and is a review for error patent on the face of the record. LSA-C.Cr.P. art. 920;[1] State v. Godejohn, 425 So.2d 750 (La.1983); State v. Smith, 479 So.2d 1062 (La.App. 3d Cir.1985).
A review of the transcript in the instant case reveals the trial judge failed to advise defendant of his privilege against self incrimination and inquire as to his understanding of this right.[2] State v. Martin, 382 So.2d 933 (La.1980). Accordingly, the due process requirements of Boykin v. Alabama, supra, require defendant’s guilty plea be vacated, his conviction and sentence be reversed and he be permitted to plead anew. State v. Godejohn, supra; State v. Williams, 384 So.2d 779 (La.1980). This resolution renders defendant’s excessive sentence argument premature.
REVERSED AND REMANDED FOR DEFENDANT TO ENTER A NEW PLEA.

. LSA-C.Cr.P. art. 920 provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

. In addition, the trial court minutes reflect defendant was not advised of his privilege against self incrimination.