In re Fayard, Thomas, Defendants); applying for writ of certiorari and/or review, supervisory and/or remedial writ; Parish of Orleans, Criminal District Court, Div. “I”, No. 243-941.
Writ granted. The judgments of the courts below denying petitioner’s application for post-conviction relief are reversed. Petitioner’s 1975 conviction for possession of a controlled dangerous substance is vacated because petitioner was not properly Boykinized prior to pleading guilty to that offense. There was no evidence presented at the hearing below that defendant was ever informed of his rights against self-incrimination and his right to confront the witnesses against him, and the state, though given the opportunity to do so when this Court last remanded the case to the district court, did not establish that the defendant’s “remote” plea was knowingly and voluntarily made notwithstanding technical Boykin defects. See State v. Warren, 402 So.2d 662 (La.1981); State v. Cusher, 400 So.2d 601 (La.1981).[1]
MARCUS and COLE, JJ., dissent.

.. In State v. Fayard, 89-KO-0247, we have this day denied defendant’s application for review of the court of appeal’s affirmance on direct appeal of his recent conviction for violating La. R.S. 14:95.1, possession of a firearm by a convicted felon. The invalidity of the 1974 conviction has no effect on the validity of petitioner's conviction for violating La.R.S. 14:95.1, because a prior conviction may be the predicate for a violation of La.R.S. 14:95.1 even if that prior conviction was subject to collateral attack, but not yet vacated, at the time the violation of La.R.S. 14:95.1 occurred. See Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980); State v. Williams, 392 So.2d 448 (La.1981).