NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1029

STATE OF LOUISIANA

VERSUS

FRANK LEE WOODARD, III

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 296,406
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and J. David Painter, Judges.

CONVICTION AND SENTENCE AFFIRMED;
MOTION TO WITHDRAW GRANTED.

Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602
(337) 436-2900
COUNSEL FOR DEFENDANT/APPELLANT:
    Frank Lee Woodard, III

**Roger Breedlove**
**Assistant District Attorney**
**Ninth Judicial District**
**P. O. Box 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

PETERS, J.

The State of Louisiana charged the defendant, Frank Lee Woodard, III, with the offense of purse snatching, a violation of La.R.S. 14:65.1. After initially pleading not guilty to the offense, the defendant subsequently changed his plea to guilty. Thereafter, the trial court sentenced him to serve two years at hard labor, to make restitution to his victim in the amount of $350.00, and to reimburse the Indigent Defendant Board the sum of $250.00 for its legal services. The defendant filed a *pro se* motion for appeal, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). For the following reasons, we affirm the conviction and sentence in all respects and grant the relief prayed for by appellate counsel.

## DISCUSSION OF THE RECORD

No factual basis was stated at the guilty plea hearing, so we are left with only the allegations of the bill of information charging the defendant with the offense for a factual background. In that bill of information, the State of Louisiana charged that the defendant did "commit theft of anything of value contained in a purse or wallet from the person of another or in the immediate control of another,,[sic] to-wit: Laken Ebert, by use of force, or intimidation or by snatching, in violation of La.R.S. 14:65.1."

## OPINION

The elements of the offense of purse snatching and the penalties for commission of the offense are set forth in La.R.S. 14:65.1:

> A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, bu use of force, intimidation, or by snatching, but not armed with a dangerous weapon.

> B. Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years.

Thus, the bill of information sets forth the elements of the offense, and the penalty imposed is the minimum penalty available under La.R.S. 14:65.1(B).

The defendant in his *pro se* motion for appeal asserted only that "[t]he conviction is Unconstitutional and Warrants the attentions of the lower Court and Court of Appeals." Thereafter, a Louisiana Appellate Project attorney enrolled as the defendant's attorney for appellate purposes. The defendant never filed an appellate brief. The appellate attorney filed an *Anders* brief asserting that there are no errors on appeal that would support reversal of the defendant's conviction and sentence and asking this court for permission to withdraw as counsel of record.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to the requirements of *Anders* and *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. In doing so, we find that the defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly

being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

While we do find that the Plea of Guilty and Waiver of Rights form found in the record sets forth an incorrect range for sentencing,[1] we also note that the defendant was advised at the plea hearing of the correct sentencing range and was actually sentenced to the minimum penalty under the statute.[2] Thus, the defendant received a legal sentence and was not prejudiced by the error. Additionally, the defendant received a substantial benefit by entering into the plea agreement because he received the minimum sentence. Furthermore, his guilty plea constituted a waiver of all non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976).

Given our review of the record, we agree with appellate counsel that the record reveals no issues that would support an assignment of error on appeal. Therefore, we grant the relief prayed for by appellate counsel.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction and sentence in all respects and grant appellate counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

> **This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**

---

[1]The form suggests that the range is from ten to twenty-five years, while La.R.S. 14:65.1(B) provides a range from two to twenty years.

[2]The form also specifically states that, as a part of the plea agreement, the defendant would be sentenced to two years, although it does not state specifically that the sentence would be a hard labor sentence.

3

KA09-1029

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA
     Plaintiff-Appellee

VERSUS

FRANK LEE WOODARD, III
     Defendant-Appellant

On Appeal from the Ninth Judicial District Court, Docket Number 296,406, Parish of Rapides, State of Louisiana, Honorable John C. Davidson, Judge.

_____**O R D E R**

     After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

     IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

     THUS DONE AND SIGNED this _____ day of _____, 2010.

                   COURT OF APPEAL, THIRD CIRCUIT


                   _____
                   Chief Judge Ulysses Gene Thibodeaux


                   _____
                   Judge Jimmie C. Peters


                   _____
                   Judge J. David Painter