GRAVOIS, J.
11 Defendant, Sean A. Byers, appeals his conviction and sentence for pornography involving juveniles under the age of thirteen. For the reasons that follow, we affirm defendant’s conviction and sentence and grant appellate counsel’s motion to withdraw as counsel of record for defendant.
PROCEDURAL HISTORY AND FACTS
On September 29, 2015, the Jefferson Parish District Attorney filed a bill of ⅛ formation charging defendant, Sean A. Byers, with pornography involving juveniles under the age of thirteen, in violation of La. R.S. 14:81.1. Defendant was arraigned on September 30, 2015 and pled not guilty. On May 19, 2016, the trial judge denied defendant’s motions to suppress statement and evidence after a hearing. On June 6, 2016, defendant withdrew his not guilty plea and pled guilty as charged. On that same date, the trial judge sentenced defendant to imprisonment at hard labor for ten years without the benefit of probation, parole, or suspension of sentence. The trial judge ordered that the sentence would run concurrently with any other sentences defendant may be serving at that time. He also notified defendant of the sex offender and child predator registration requirements. On July 12,2016, defendant filed a motion for an out-of-time appeal, which was granted on July 22, 2016.
Because defendant pled guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the bill of information that on or about August 6, 2015, defendant, in the Parish of Jefferson, violated La. R.S. 14:81.1, in that he committed pornography involving juveniles by the intentional possession of any photographs, films, videotapes, or other visual reproductions of any sexual performance involving a child under the age of thirteen. Aso, the State gave a factual basis for the charge during the guilty plea colloquy, namely, that if this matter had gone to trial, the State would have proven beyond a reasonable doubt Igthat on August 6, 2015, within the Parish of Jefferson, defendant violated La. R.S. 14:81.1, in that he possessed pornography depicting juveniles under the age of thirteen. Defendant, thereafter, indicated that he heard, understood, and agreed with the factual basis that was read into the record.
ANALYSIS
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110- *493 11,[1] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as counsel of record for defendant.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds defendant’s appeal to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1896, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every mer-itless pretrial motion or objection |smade at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Bradford, 676 So.2d at 1110.
Defendant’s appellate counsel asserts that after a detailed review of the record,- he could find no non-frivolous issues to raise on appeal. Appellate counsel states that defendant entered an unqualified guilty plea to the bill of information waiving all non-jurisdictional defects. He further states that defendant did not reserve the right to seek review of any of the trial court’s rulings under State v. Crosby, 338 So.2d 684 (La. 1976). Appellate counsel notes that defendant did not object to the charged offense during the plea proceeding, to the trial court’s acceptance of the guilty plea, or to the sentence agreed upon and imposed. Therefore, appellate counsel maintains that defendant has waived his right to seek review on direct appeal. Appellate counsel asserts that the trial court heard and denied defendant’s motions to suppress statement and evidence. He fur *494 ther asserts |4that the evidence presented at the motion hearing and the contents of the search warrant adequately support the trial court’s denial of the motions to suppress.
Additionally, appellate counsel notes that there does not appear to be any basis in the record to support any claim that the plea was constitutionally infirm. He further notes that during the colloquy, defendant indicated he had not been forced or coerced into entering the plea, that he was pleading guilty because he was guilty, and that he understood his rights, the charge, and the sentence he would receive in exchange for the plea.
Appellate counsel states that the plea bargain appears to have been advantageous to defendant, as he received the minimum ten-year sentence on a charge that carried a sentencing range of ten to forty years. He indicates that the sentence imposed is exactly the sentence defendant bargained for in his plea agreement and that this Court has recognized that defendant is precluded from raising an excessive sentence claim on appeal when the imposed sentence is the product of a plea agreement. Appellate counsel asserts that the bill of information appears to be in order, that the minutes indicate that defendant was present with counsel for all critical court proceedings, and that the plea form and accompanying colloquy was thorough and complete.
Appellate counsel has filed a motion to withdraw as attorney of record for defendant which indicates that he has prepared an Anders brief and that he has notified defendant of the filing of this motion and of his right to file a pro se supplemental brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until December 12, 2016, to file a pro se supplemental brief. Defendant has not filed a pro se brief.
In its response brief to appellate counsel’s Anders brief, the State asserts that the brief filed by appellate counsel shows a conscientious and thorough review of | sthe procedural history of the case with references to the record for the convenience of this Court. It fui’ther asserts that appellate counsel has “cast an advocate’s eye” over the record and determined that there were no non-frivolous issues to raise on appeal. As such, the State asserts that appellate counsel has, therefore, conformed with and followed the procedures set forth in An-ders and Jyles, and should be granted permission to withdraw as counsel of record for defendant.
The State also responds that it agrees with appellate counsel that after a careful review of the record, there are no non-frivolous issues present. It notes that defendant was properly convicted of one count of possession of pornography involving children under the age of thirteen, that defendant was present at all crucial stages, and that neither the pleadings nor the transcripts provide any arguable basis for an appeal. The State asserts that the trial court fully explained to defendant the ramifications of pleading guilty and foregoing a trial, that the trial court clearly described the charge and the sentence defendant was facing, and that defendant entered into a fair plea agreement with the State that was explained to him by his trial counsel. The State further asserts that the trial court also fully explained defendant’s right to appeal and that defendant indicated he understood and agreed to these explanations. As such, the State contends there is nothing else in the record that would suggest a non-frivolous issue to be raised on appeal.
An independent review of the record supports appellate counsel’s assertion that *495 there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified defendant and the crime charged. See La. C.Cr.P. Arts. 463-466. Further, as reflected by the minute entry and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, guilty plea, and sentencing.
| r,Further, defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and review of such defects either by appeal or post-conviction relief is precluded. State v. Turner, 09-1079 (La.App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects were waived. No rulings were preserved for appeal under the holding in Crosby, supra.[2] Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally in~ firm if it is not entered freely and voluntarily, if the Boykin[3] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no unconstitutional infirmity or irregularities in defendant’s guilty plea. The transcript of the colloquy shows that defendant was aware that he was pleading guilty to possession of pornography involving juveniles.[4] Defendant was also properly advised of his Boy-kin rights. On the waiver of rights form and during the guilty plea colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he ^understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood the rights he was waiving by pleading guilty.
*496 Further, during his guilty plea colloquy and in the waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty plea and that he was satisfied with the way his attorney and the court handled his case. Defendant was also informed by the waiver of rights form and during the. colloquy of his maximum sentencing exposure and of the actual sentence that would be imposed upon acceptance of his guilty plea.[5] After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant’s sentence, it was imposed in accordance with the plea agreement. This Court has consistently recognized that La. C.Cr.P. Art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46, writ denied, 09-2046 (La. 8/18/10), 42 So.3d 394. In addition, defendant’s sentence falls within the sentencing range set forth in the statute. See La. R.S. 14:81.1. The plea agreement was beneficial to defendant in that he received a ten-year sentence when he could have received a forty-year sentence. A defendant who intentionally possesses child pornography can be charged on a separate count and sentenced separately for each count upon which the defendant is convicted for each child in |8each sexual performance captured within photographs, films, videotapes, and/or other visual reproductions that comprise the defendant’s collection of child pornography. State v. Hearn, 09-434 (La.App. 5 Cir. 12/29/09), 30 So.3d 873, 878 (citing State v. Fussell, 06-2595 (La. 1/16/08), 974 So.2d 1223, 1238). In the instant case, the probable cause affidavit indicates that defendant possessed and distributed three videos of child pornography to a detective and that he also possessed sixteen additional images and videos of child pornography.
The transcript reflects that the trial judge correctly imposed the ten-year sentence without the benefit of probation, parole, or suspension of sentence. The commitment and the Uniform Commitment Order also correctly reflect that the ten-year sentence was to be served without the benefit of probation, parole, or suspension of sentence. However, defendant was not advised during the plea colloquy or in the waiver of rights form that the sentence would be imposed without the benefit of probation, parole, or suspension of sentence. We find that the trial judge’s failure to advise defendant of these restrictions prior to the guilty plea did not affect the voluntariness of that plea.
In State v. Harrell, 09-364 (La.App. 5 Cir. 5/11/10), 40 So.3d 311, 323-24, writ denied, 10-1377 (La. 2/10/12), 80 So.3d 473, the defendant contended that his plea on count three was not knowing and volun *497 tary because the trial court failed to advise him that the first five years of the sentence had to be served without the benefit of parole, probation, or suspension of sentence. On appeal, this Court found that the trial court’s failure in this regard did not render the defendant’s guilty plea unknowing or involuntary. It noted that the trial court advised the defendant of his Boykin rights, that the defendant indicated his willingness to plead guilty throughout the plea colloquy, that the defendant acknowledged that he had discussed the guilty plea with his attorney and that he still desired to plead guilty, and that the defendant received a substantial benefit for pleading guilty.
|flIn the instant case, the record reflects that the trial judge advised defendant of his rights and defendant indicated his willingness to plead guilty. Defendant acknowledged that he had discussed his guilty plea form with his attorney and that he still desired to plead guilty. Moreover, defendant received a substantial benefit for pleading guilty as was discussed previously. Also, the record does not reflect that receiving the benefit of parole, probation, or suspension of sentence was crucial to his guilty plea. Defendant did not object to these restrictions when the trial court imposed them. Under these circumstances, we find that defendant’s rights were not affected. Therefore, we find that the trial judge’s failure to advise defendant in the waiver of rights form or during the colloquy prior to the guilty plea that the sentence was to be served without the benefit of parole, probation, or suspension of sentence did not render his guilty plea unknowing or involuntary. See Harrell, supra.
Based on the foregoing, the proceedings surrounding defendant’s guilty plea and sentencing do not present any non-frivolous issues to be raised on appeal. Appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Therefore, defendant’s conviction and sentence are affirmed, and appellate counsel’s motion to withdraw as counsel of record for defendant is hereby granted.
ERRORS PATENT REVIEW
The record was reviewed for errors patent in accordance with La. C.Cr.P. Art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Wetland, 556 So.2d 175 (La. App. 5 Cir. 1990). The review reveals no errors patent in this case.
I tqCONCLUSION
For the foregoing reasons, defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw as counsel of record for defendant is hereby granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. Prior to his guilty plea, defendant filed omnibus motions, which included a motion to suppress confession, a motion to suppress evidence, and a motion for a preliminary examination, The record indicates that the trial judge denied the motions to suppress confession and evidence after a hearing and that defendant waived the preliminary examination. Defendant did not preserve these rulings for appeal under Crosby, supra.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The waiver of rights form shows that defendant was pleading guilty to the crime of “R.S. 14:81(E)(5)(a), to wit: possession of child pornography under the age of 13.” However, there appears to be a typographical error in the statutory citation. Defendant actually pled guilty to a violation of La. R.S. 14:81.1, pornography involving juveniles, and not La. R.S. 14:81, indecent behavior with juveniles. Additionally, La. R.S. 14:81 does not have a section (E)(5)(a). In any event, the transcript of the colloquy reflects that defendant was aware he was pleading guilty to possession of pornography involving juveniles. The description of the offense in the waiver of rights form reflects that defendant was aware he was pleading guilty to possession of pornography involving juveniles under the age of thirteen. Also, defendant admitted to the factual basis wherein the State said it would have proven that defendant violated La. R.S. 14:81.1 in that he possessed pornography depicting juveniles under the age of thirteen. Further, the State alleged in the bill of information that defendant violated La. R.S. 14:81.1 in that he possessed pornography involving juveniles under the age of thirteen.

. The trial judge did not inform defendant of the minimum sentence. La. C.Cr.P. Art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.” La. C.Cr.P. Art. 556.1(E). Violations of La. C.Cr.P. Art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, 64. In the instant case, we find any violation of Article 556,1 did not cause prejudice since defendant knew the sentence he would receive, and he received that sentence. The advisement of the agreed upon sentence was sufficient for compliance with La. C.Cr.P. Art. 556.1. SeeCraig, 66 So.3d at 64; State v. Broadway, 40,569 (La.App. 2 Cir. 1/25/06), 920 So.2d 960, 963.