GRAVOIS, J.
*537 Defendant, Howard Jackson, appeals his conviction and sentence for sexual battery, a violation of La. R.S. 14:43.1. For the reasons that follow, we affirm defendant's conviction and sentence, grant appellate counsel's motion to withdraw as counsel of record for defendant, and remand the matter for correction of the habitual offender Uniform Commitment Order as noted herein.
PROCEDURAL HISTORY
On December 11, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant, Howard Jackson, with one count of indecent behavior with a juvenile under thirteen years of age, in violation of La. R.S. 14:81. Defendant pled not guilty at his arraignment on December 14, 2015.
On March 22, 2017, the State amended the bill of information to charge defendant with one count of sexual battery, in violation of La. R.S. 14:43.1. Immediately following the amendment, defendant withdrew his plea of not guilty, and after being advised of his Boykin[1] rights, pled guilty to the amended charge. In accordance with the plea agreement, defendant was sentenced to ten years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.[2] The trial court further advised defendant of his sex offender registration requirements, including his obligation to register as a sex offender for the remainder of his life.
On that same day, the State filed a habitual offender bill of information alleging that defendant was a second felony offender. Defendant stipulated to the habitual offender bill after being advised of his rights. The trial court then vacated defendant's original sentence, and pursuant to the habitual offender bill stipulation, resentenced defendant as a second felony offender under La. R.S. 15:529.1 to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.
On January 19, 2018, defendant filed a motion to reconsider sentence which was denied by the trial court on January 25, 2018. On March 23, 2018, defendant filed a Uniform Application for Post-Conviction Relief (APCR), which the trial court construed as a request for an out-of-time appeal, which was granted on April 4, 2018. Defendant's appointed appellate counsel has now filed an appellate brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and has further filed a motion to withdraw as counsel of record for defendant. Additionally, defendant has filed a pro se supplemental brief challenging the charge brought against him, the voluntariness of his guilty *538 plea, and the alleged ineffectiveness of his counsel.
FACTS
Because defendant's conviction was the result of a guilty plea, the facts underlying the crime of conviction are not fully developed in the record. Thus, the facts were gleaned from the factual basis provided by the State at the guilty plea proceeding where the State alleged that:
If the State proceeded to trial it would show beyond a reasonable doubt that on or between September 14th, 2015 and September 15, in the Year of Our Lord, Two Thousand and Fifteen, Mr. Jackson, while within the confines of Jefferson Parish did violate Louisiana Revised Statute 14:81, in that he, being over the age of seventeen and there being an age difference of greater than two years between the two, did commit a lewd and lascivious act upon or in the presence of a known juvenile, date of birth December 6, 2005, where the victim is under the age of thirteen, by fondling on the victim's breasts and/or pubic area with the intention of arousing or gratifying the sexual desires of either person.
However, Judge, as I've already put on the record, we did, pursuant to a plea negotiation, amend the bill to 14:4[3].1, sexual battery.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders , supra , and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record for defendant.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , supra , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , supra , 676 So.2d at 1110. If, after an independent review, the reviewing court determines *539 there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
ANALYSIS
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel submits that defendant entered an unqualified guilty plea to the amended charge of sexual battery after being advised of his constitutional rights to a jury trial, to confront witnesses, and against self-incrimination. She indicates that defendant understood his rights and knowingly, intelligently, freely, and voluntarily waived them. She further maintains the trial court advised defendant of the sentencing range for the offense, as well as the sentence that would be imposed. Appellate counsel avers that defendant was sentenced pursuant to the plea agreement, precluding him from challenging his sentence on appeal.
Appellate counsel has filed a motion to withdraw as counsel of record for defendant which states she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguably support the appeal. She further indicates that defendant has been notified regarding the filing of her motion to withdraw, as well as his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until August 9, 2018 to file a pro se supplemental brief. Defendant filed a pro se supplemental brief signed on August 8, 2018 raising three assignments of error.
The State agrees with appellate counsel that, as shown by the record, the trial court conducted a Boykin colloquy with defendant during which the rights he waived were thoroughly explained. The State asserts that defendant was fully advised of the sentence that would be imposed and that defendant's sentence was within the statutory limits. Finally, the State agrees with appellate counsel that defendant voluntarily and intelligently entered a plea of guilty and that there are no non-frivolous issues to be raised on appeal.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The amended bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crime charged. See generally La. C.Cr.P. arts. 464 - 466. As reflected by the minute entries, defendant appeared at each stage of the proceedings against him. As such, defendant's presence does not appear to present any issues that would support an appeal.
Further, defendant pled guilty as charged to the amended bill of information; he also stipulated to being a second felony offender as alleged in the habitual offender bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant *540 from later asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing. State v. Schaefer , 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304. No rulings were preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976).
Additionally, a review of the record reveals no irregularities in defendant's guilty plea that would render it invalid. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
The record shows that defendant was aware that he was pleading guilty to one count of sexual battery in violation of La. R.S. 14:43.1. Defendant was also properly advised of his Boykin rights. On the waiver of rights form and during the guilty plea colloquy, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination.[3] Defendant placed his signature at the end of the waiver of rights form indicating that he *541 understood he was waiving these rights and further affirmatively stated to the trial court during the colloquy that he understood that by pleading guilty he was waiving these rights.
Defendant was also informed that his guilty plea could be used to enhance a penalty for any future conviction. Defendant indicated that he understood the possible legal consequences of pleading guilty and confirmed that he had not been forced, coerced, or intimidated into entering his guilty plea. Further, defendant was informed during the colloquy of the sentencing range for the offense, as well as the actual penalty that would be imposed upon acceptance of his guilty plea. He was also advised by the trial court and on the waiver of rights form that he must comply with all sex offender registration requirements provided by law.[4] Moreover, a factual basis was given by the State for the charged offense, after which defendant confirmed that the factual basis provided was true and correct and was the reason for his guilty plea.[5] After his colloquy with defendant, the trial judge accepted defendant's guilty plea as knowingly, intelligently, and voluntarily made.
Further, a review of the habitual offender proceeding reveals that defendant was sufficiently advised of his habitual offender rights. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicate that defendant understood that by stipulating to the allegations in the habitual offender bill, he was giving up his right to a hearing and his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender, as well as the actual sentence that would be imposed. Defendant indicated that he was satisfied with the way his attorney and the court had handled his case and that he had not been forced, coerced, or threatened into "pleading guilty." Defendant further indicated that he understood the possible legal consequences of "pleading guilty" and wished to "plead guilty." His stipulation was accepted by the judge as knowingly, intelligently, freely, and voluntarily made. By stipulating to the habitual offender bill, defendant waived his right to a hearing and to any possible non-jurisdictional defects. Defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing when he waived the hearing. Schaefer , supra .
Finally, defendant's original sentence and enhanced sentence are within the sentencing ranges prescribed by the statutes. See La. R.S. 14:43.1 ; La. R.S. 15:529.1.[6] Further, defendant's original and *542 enhanced sentences were imposed pursuant to and in conformity with the plea agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore , 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Likewise, this Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Robinson , 15-661 (La. App. 5 Cir. 2/24/16), 186 So.3d 1269, 1272 (citing State v. Bolton , 02-1034 (La. App. 5 Cir. 3/11/03), 844 So.2d 135, 142, writ denied , 03-1159 (La. 11/14/03), 858 So.2d 417 ); State v. Dickerson , 11-236 (La. App. 5 Cir. 11/15/11), 80 So.3d 510, 521.
The transcript reflects that the trial judge advised defendant, during the colloquy, that if she accepted defendant's guilty plea on the underlying offense, the State would file a habitual offender bill alleging him to be a second felony offender and that the court would vacate his original sentence, and pursuant to La. R.S. 15:529.1, would resentence him to "twenty years at hard labor in the Department of Corrections without benefit of probation, parole or suspension of sentence." Later, after defendant's guilty plea was accepted by the trial court and defendant's original sentence was imposed, during the stipulation to the habitual offender bill, the trial court informed defendant that if his stipulation was accepted, he would be sentenced to "twenty years without benefit of probation or suspension of sentence"-neglecting to state the requisite parole restriction previously advised with respect to the enhanced sentence. The transcript further reflects that after accepting defendant's stipulation to the habitual offender bill, the trial court vacated defendant's original sentence and resentenced him to twenty years at hard labor without the benefit of probation, parole, or suspension of sentence.[7] Defendant did not object to the restriction of parole when the trial judge sentenced him as a habitual offender. Moreover, the habitual offender waiver of rights form additionally provides, "the sentence I will receive is 20 years without benefit of probation or suspension of sentence."
Because defendant was advised at least once regarding the parole restriction required by law on his enhanced sentence, which was then ultimately imposed by the trial court, we find the trial court's failure to advise him a second time of the parole restriction that would be imposed on his enhanced sentence does not affect the voluntariness of his stipulation. Moreover, this Court, in conducting its Anders review, has consistently held that the failure of the trial court to advise a defendant that their sentence would be required to be served without benefits does not affect the voluntariness of the guilty plea or habitual offender stipulation. State v. Reynard , 17-375 (La. App. 5 Cir. 12/13/17), 234 So.3d 238 ; State v. Davis , 17-81 (La. App. 5 Cir. 6/29/17), 224 So.3d 1211 ;
*543 State v. Shelby , 16-634 (La. App. 5 Cir. 3/15/17), 215 So.3d 944 ; State v. Byers , 16-627 (La. App. 5 Cir. 2/8/17), 213 So.3d 491, writ denied , 17-0592 (La. 11/28/17), 229 So.3d 936.
However, the waiver of rights form associated with defendant's underlying conviction for sexual battery indicated in a handwritten notation that defendant would be multiple billed and would receive "20 yr DOC w/benefits." This notation is in direct contradiction to the advisal provided by the trial court during the colloquy.
La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Guzman , 99-1528 and 99-1753 (La. 5/16/00), 769 So.2d 1158, 1164-66 ; State v. Gilliam , 01-748 (La. App. 5 Cir. 1/15/02), 807 So.2d 1024, 1027, writ denied , 02-0512 (La. 11/1/02), 828 So.2d 562. The Louisiana Supreme Court has clearly held that the core Boykin constitutional requirements have never been extended to include advice with respect to sentencing. Guzman , supra , 769 So.2d at 1164. In determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Gilliam , supra , 807 So.2d at 1027.
In State v. Burford , 39,610 (La. App. 2 Cir. 5/11/05), 902 So.2d 1190, writ denied , 05-1573 (La. 1/27/06), 922 So.2d 545, the appellate court, in addressing the defendant's assignments of error regarding her sentencing, noted that some facts asserted in the defendant's appellate brief for purposes of the excessive sentence claim were, in reality, issues regarding the validity of the plea agreement. The court cited La. C.Cr.P. art. 556(B)(1),[8] noting that while the court properly advised the defendant of the sentencing range, it incorrectly indicated that the sentence would be subject to the benefit of probation, parole, or suspension of sentence, which was an incorrect statement of the law. The defendant was convicted of attempted armed robbery, which must be served without the benefit of parole, probation, or suspension of sentence. The appellate court cited State ex rel. LaFleur v. Donnelly , 416 So.2d 82 (La. 1982), where the Supreme Court held that although the defendant's guilty plea was made voluntarily, it was not knowingly and intelligently entered due to his mistaken understanding of when he would be eligible for parole; thus, his convictions and sentences were reversed and set aside.[9]
However, the Burford court noted that in State v. Phayarath , 03-0838 (La. App. 3 Cir. 2/4/04), 866 So.2d 332, writ denied , 04-0718 (La. 6/18/04), 876 So.2d 804, the defendant, who raised the question of the validity of his guilty plea for the first time on appeal on grounds that he thought his *544 sentence would be with the benefit of parole, failed to produce evidence in the record that showed he was misinformed as to parole eligibility. The Burford court then stated that nevertheless, inasmuch as these issues were not presented in the appeal in the posture of an infirm guilty plea, but rather in terms of thwarted expectations regarding her sentence, the issue of the validity of the defendant's guilty plea was not currently before the court. The court found that the issue was one that should be addressed in a petition for post-conviction relief because an APCR creates the opportunity for a full evidentiary hearing.
In State v. Woodard , 09-1029 (La. App. 3 Cir. 4/7/10), 30 So.3d 1187 (unpublished opinion), the Third Circuit, on an Anders review, found that the plea of guilty and waiver of rights form found in the record set forth an incorrect range for sentencing. However, the court went on to also note that the defendant was advised at the plea hearing of the correct sentencing range by the court and was actually sentenced to the minimum penalty under the statute. Thus, the court held defendant received a legal sentence and was not prejudiced by the error.
Here, as previously discussed, the record reflects that the trial court advised defendant of his Boykin rights as well as his habitual offender rights and that defendant indicated his willingness to plead guilty and stipulate to the habitual offender bill throughout the colloquy. Based on the record as a whole, there was no inducement regarding the restrictions of benefits in this case on the enhanced sentence, nor were there any assurances regarding the restrictions of benefits that were crucial to defendant's stipulation. Also, unlike Burford and LaFleur , defendant was informed by the trial court during the colloquy that his enhanced sentence would be without benefits and the sentence imposed was in conformity with the trial court's advisal, which did not draw an objection by defendant at the plea hearing or in a motion to withdraw guilty plea. Under these circumstances, we find that defendant's rights were not affected with respect to the noted discrepancy contained in the waiver of rights form.[10]
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as counsel of record for defendant is hereby granted.
PRO SE ASSIGNMENT OF ERROR NUMBER ONE
Improper charging of offense by the State
In his first pro se assignment of error, defendant avers that the State improperly charged him. He claims that he should have been charged with violating his "registration order for being around juveniles" and then later should have been charged with sexual battery. He maintains that it was impermissible for the State to *545 charge him with sexual battery without first charging him with "breaking the law for being around juveniles at his home."
First, as previously noted, defendant pled guilty as charged to the amended bill of information which properly charged him. No motions to quash were lodged by defendant. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. Turner , supra . Accordingly, we find defendant has waived any challenge to his guilty plea based upon the alleged improper charge of sexual battery brought against him that he now raises on appeal.
Additionally, even if preserved, defendant's allegation lacks merit. La. C.Cr.P. art. 61 provides, in pertinent part: "[T]he district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." Thus, under La. C.Cr.P. art. 61, the State has the discretion to decide the cases to prosecute. Accordingly, there is no support for defendant's contention that the State should have charged him with a violation of his "registration order" prior to instituting prosecution for the amended offense of sexual battery. This assignment of error is without merit.
PRO SE ASSIGNMENT OF ERROR NUMBER TWO
Involuntary guilty plea
In his second pro se assignment of error, defendant argues that his guilty plea was involuntarily obtained without an understanding that he could have entered an Alford[11] plea which would have preserved his "constitutional rights."
First, the record reflects that defendant's guilty plea was knowingly, intelligently, and voluntarily entered into free of any coercion, inducement, or force, as was more fully previously discussed.
Second, defendant's statement that his plea was involuntary because he was unaware his "constitutional rights" would have been preserved had he pled guilty pursuant to Alford is misplaced. An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. Alford , 400 U.S. at 37, 91 S.Ct. 160. There is no material difference between a guilty plea that refuses to admit commission of a criminal act and a plea containing a protestation of innocence when a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt. Id.
Here, the State provided a factual basis at defendant's plea hearing and defendant admitted his guilt after the factual basis was presented. Thus, we find there is nothing in the record to suggest that defendant's guilty plea was involuntarily entered. Accordingly, this assignment of error is without.
PRO SE ASSIGNMENT OF ERROR NUMBER THREE
Ineffective assistance of counsel
In his final pro se assignment of error, defendant maintains that his counsel was ineffective for failing to inform him that an Alford plea could have been entered on his behalf, preserving his constitutional rights, and for failing to call credible witnesses (i.e. , his brother Charles *546 Jackson, and his sisters Charlene Jackson and Mattie Oliney) who would have supported his case.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant's right to effective assistance of trial counsel. According to the United States Supreme Court's opinion in Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel's performance was deficient; and 2) that the deficiency prejudiced the defendant. The defendant has the burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. State v. Taylor , 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. C.Cr.P. arts. 924 - 930.8. Id.
Here, the record contains sufficient evidence to rule on the merits of defendant's claims and they should be addressed in the interest of judicial economy.
First, as previously set forth in our review of defendant's second pro se assignment of error, under Alford , an accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, or even if his guilty plea contains a protestation of innocence, when he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt. Here, the record establishes that defendant admitted his guilt at his plea hearing and did not maintain his innocence. Thus, we find defendant has failed to show how his counsel's performance was deficient in failing to inform him that an Alford plea could have been entered, or that the alleged deficiency prejudiced him. See State v. Hoppens , 13-948 (La. App. 5 Cir. 4/23/14), 140 So.3d 293, 302, writ denied , 14-1856 (La. 9/11/15), 176 So.3d 414.
Next, while this Court often refuses to review a defendant's ineffective assistance claim on appeal when related to whether their counsel has adequately investigated their case because of the limited record on appeal, defendant here has failed to sufficiently detail facts in support of his allegation to warrant relegation of his claim to post-conviction proceedings.
In State v. Kron , 07-1024 (La. App. 5 Cir. 3/25/08), 983 So.2d 117, writ denied , 08-813 (La. 10/24/08), 992 So.2d 1039, the defendant filed a pro se brief in which he argued his attorneys were ineffective because they failed to investigate his case or formulate a defense to prove his innocence. The defendant's brief detailed facts and witnesses the defendant claimed could have discredited the version of events presented by the police. The defendant complained that his attorneys failed to file any pretrial motions or to request any evidentiary hearings. He specifically alleged his attorneys should have filed a motion to *547 suppress because his arrest and the officers' subsequent discovery of evidence were the result of an illegal investigatory stop. This Court determined the record was insufficient to address the defendant's claims, since the only transcript contained in the record was that of the plea hearing. This Court relegated the defendant's claims to post-conviction proceedings. See also Hoppens , supra ; State v. Mitchell , 08-629 (La. App. 5 Cir. 1/13/09), 7 So.3d 744, 750, writ denied , 09-0254 (La. 10/30/09), 21 So.3d 270 ; State v. Stewart , 03-976 (La. App. 5 Cir. 12/30/03), 862 So.2d 1271, 1277-78.
In the present case, while defendant lists three family members he claims have "very important information that could support" his case, he provides no detail as to the "very important information" they allegedly possess. Without such specificity, we find defendant's ineffective assistance of counsel claim in this regard lacks merit. Thus, this assignment of error is without merit.
ERRORS PATENT REVIEW
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920, State v. Oliveaux , 312 So.2d 337 (La. 1975), and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990), regardless of whether defendant makes such a request. Upon review, we find only one matter that requires corrective action.
There is a discrepancy between the habitual offender Uniform Commitment Order and the transcript. Specifically, the habitual offender Uniform Commitment Order incorrectly reflects the offense date as September 14, 2015. However, the record reflects that the offense occurred on or between September 14, 2015 and September 15, 2015. Accordingly, we remand the matter for correction of the habitual offender Uniform Commitment Order to accurately reflect the noted discrepancy. We also direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected habitual offender Uniform Commitment Order to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and to the Department of Corrections' legal department. See State v. Doucet , 17-200 (La. App. 5 Cir. 12/27/17), 237 So.3d 598.
CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw as counsel of record for defendant is granted. The matter is remanded to the trial court for correction of the habitual offender Uniform Commitment Order as described above.
AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF HABITUAL OFFENDER UNIFORM COMMITMENT ORDER

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Defendant was also ordered to pay $150.00 in fees to both the Indigent Defender Board and the Jefferson Parish Sheriff's Office.

During the guilty plea colloquy, the trial judge failed to specifically refer to defendant's privilege against self-incrimination. However, the trial court at the commencement of the colloquy asked defendant whether his attorney had advised him of his right against self-incrimination and whether he understood that he was waiving this right by pleading guilty. Additionally, at the conclusion of the colloquy, the trial court confirmed with defense counsel that he had in fact advised defendant of his rights, including his right against self-incrimination, and whether he was satisfied that defendant entered his plea of guilty knowing all of the consequences. Finally, the waiver of rights form signed by defendant, his attorney, and the trial court, reflects an express and knowing waiver of defendant's privilege against self-incrimination.
While it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea. State v. Halsell , 403 So.2d 688, 690 (La. 1981). A written form containing a waiver of rights is a part of the record and can be examined to determine the free and knowing nature of the plea. State v. Dunn , 390 So.2d 525 (La. 1980). In Dunn , the Louisiana Supreme Court noted that, during the guilty plea colloquy, the trial judge failed to specifically refer to the defendant's privilege against self-incrimination. The Supreme Court noted that a written waiver of rights form may be considered in determining whether the defendant was adequately "informed" of his rights. Id. at 527. The Dunn court considered the waiver of rights form that was initialed and signed by the defendant a "sufficient affirmative showing in the record of an express and knowing waiver of defendant's privilege against self-incrimination." Id. This Court held similarly in State v. Hebert , 02-884 (La. App. 5 Cir. 12/30/02), 838 So.2d 30, 31-34 (transcript of the plea colloquy and the well-executed waiver of rights form constituted sufficient affirmative showing on the record that the defendant knowingly waived his privilege against self-incrimination without specific advisal of right against self-incrimination from the trial judge), and State v. Cole , 04-615 (La. App. 5 Cir. 3/1/05), 900 So.2d 15, 23-24 (explanation by defense counsel and a well-executed waiver of rights form were sufficient to support a knowing and voluntary guilty plea even without specific advisal of the right against self-incrimination from the trial judge).
Accordingly, although the trial court did not specifically advise defendant of his right against self-incrimination during the colloquy, we find that this issue does not present a non-frivolous issue for appeal because defendant's plea colloquy, along with the well-executed waiver of rights form, constitutes a sufficient affirmative showing on the record that defendant knowingly waived his privilege against self-incrimination.

Written notification of the sex offender registration requirements was also provided to defendant.

After providing the factual basis for the charged offense, the State noted that the bill was amended pursuant to a negotiated plea to sexual battery.

At the time the offense was committed, a conviction under La. R.S. 14:43.1 carried a term of imprisonment, with or without hard labor, without the benefit of parole, probation, or suspension of sentence, for not more than ten years, for which defendant received a ten-year sentence at hard labor without benefits. Also, the applicable term of imprisonment for a second felony offender at the time of defendant's enhanced sentence was "for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction."See La. R.S. 15:529.1(A)(1). Thus, as a second felony offender, defendant was subject to a sentencing range of five to twenty years imprisonment for his enhanced sentence on his underlying conviction for sexual battery, for which he was sentenced by the trial court to twenty years imprisonment at hard labor without benefits.

The restrictions on parole eligibility imposed on habitual offender sentences under La. R.S. 15:529.1"are those called for in the reference statute." State v. Esteen , 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79, n. 24, writ denied , 02-1540 (La. 12/13/02), 831 So.2d 983. When the underlying offense carries a parole restriction, as it does in the present case, the habitual offender sentence is to likewise be imposed without parole. See State v. Smith , 09-100 (La. App. 5 Cir. 8/25/09), 20 So.3d 501, 509, writ denied , 09-2102 (La. 4/5/10), 31 So.3d 357.

The Burford court stated that "[t]he court is required under La. C.Cr.P. art. 556(B)(1) to discuss the nature of the charge to which the plea is entered and the mandatory minimum and maximum sentence."

In LaFleur , the defendant's attorney testified that he advised the defendant at the time of his guilty plea that he would be eligible for parole after two years on a six-year sentence. The transcript of the sentencing hearing contained no reference to the ineligibility for parole, probation, or suspension of sentence on his firearm charge. The Supreme Court noted that a detailed account of the possible sentencing exposure by the trial court could have prevented any misunderstanding with regard to parole eligibility on the firearm charge. LaFleur , 416 So.2d at 84.

Research of this issue has revealed a lack of jurisprudence on the exact factual scenario presented in the instant matter, i.e. , where the waiver of rights form provides incorrect information regarding the restriction of benefits, and the transcript provides the correct information. This may be premised on the fact that courts may look beyond the guilty plea colloquy to an expanded record to determine whether a voluntary waiver of rights occurred. See State v. Dickerson , 10-672 (La. App. 5 Cir. 4/26/11), 65 So.3d 172, 180. Here, because the plea colloquy establishes a voluntary waiver of rights, it is not necessary to turn to the expanded record.

North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).